UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MYRON BOWLING AUCTIONEERS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:15CV00066HEA ) |
| WORLDWIDE RECYCLING EQUIPMENT SALES, LLC, | ) ) ) |
| Defendant, | ) ) |
| vs. | ) ) |
| MYRON BOWLING, | ) ) |
| Third-Party Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff and Third Party Defendant's Motion to Dismiss Count Two of Defendant's First Amended Counterclaim and Third Party Complaint pursuant to Fed.R.Civ.P. 12(b)(6), [Doc. No. 25]. Defendant has filed a response in opposition and the issues are fully briefed.

### **Facts and Background**

Plaintiff filed this action against Defendant alleging breach of contract, conversion, and unjust enrichment. Defendant filed a counterclaim and third party

complaint against Plaintiff and Plaintiff's President claiming breach of contract, fraudulent misrepresentation, negligence, and defamation.

**Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed.R.Civ.P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 n. 1 (2002)); *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations."); *Scheuer v. Rhodes,* 416 U.S. 232, (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see id.* at 563, 127 S.Ct. 1955 (stating that the "no set of facts" language in *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957), "has earned its retirement"); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in *Twombly* applies to all civil actions). "Factual

allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

Furthermore, Defendant's fraudulent misrepresentation claim is subject to Rule 9(b), which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Rule 9(b)'s particularity requirement demands a higher degree of notice than that required for other claims, and is intended to enable the opponent to respond specifically and quickly to the potentially damaging allegations. To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the alleged false representations, as well as the details of the fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. Put another way, the complaint must identify the "who, what, where, when and how" of the alleged fraud. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir.2006). A party must state an underlying basis for its assertions sufficient to provide an indicia of reliability. *Id.* at 557. While not every specific details of every alleged fraud need be stated, the party must provide some representative examples of the alleged misconduct. *Id.*

In order to state a claim for fraudulent misrepresentation under Missouri law, the party must plead: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's

[3]

intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury. Failure to establish any one of the essential elements of fraud is fatal to recovery. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.,* 322 S.W.3d 112, 131–32 (Mo.2010).

Defendant alleges two statements as giving rise to the fraudulent misrepresentation claim:

That Bowling Auctioneers and Bowling represented and warranted that:

(1) "they possessed the skill, knowledge, expertise and reputation and an extensive network of customers and industry-wide contacts sufficient to guaranty the attendance of a large number of bidders and buyers at the live auction in Moberly, Missouri on July 15, 2015"; and

(2) because of "their skill, knowledge, expertise and reputation and an extensive network of customers and industry-wide contacts, their services were superior to and would generate more live bidders and buyers and generate greater sale revenue than IronPlanet [the other auctioneer Worldwide was considering.]"

The alleged misrepresentations regarding future attendance of prospective buyers cannot support a fraud claim. To establish fraud under Missouri law, the party alleging fraudulent misrepresentations must show that the opponent made a misrepresentation concerning a past or existing fact. *Sindecuse v. Katsaros,* 541

F.3d 801, 803 (8th Cir.2008) (*citing Trotter's Corp. v. Ringleader Rests.,* 929 S.W.2d 935, 940 (Mo.Ct.App.1996)). A plaintiff cannot predicate a fraud action on a statement regarding what independent third parties will do in the future. *Id.* (*citing Eureka Pipe. Inc. v. Cretcher–Lynch & Co.,* 754 S.W.2d 897, 899 (Mo.Ct.App.1988)). "Because a statement about the future actions of third parties is really a prediction rather than a promise, this rule is just a corollary of another Missouri rule that predictions for the future are not actionable as fraudulent misrepresentations." *Id.*

Similarly, the alleged statement that Plaintiff and Bowling's skill, knowledge and expertise were superior to and would generate more live bidders and generate greater sale revenue fails to specifically detail a past or existing fact; this statement is clearly a sales pitch and a prediction of future facts. Such statements amount to no more than expressions of opinion. *See Reis v. Peabody Coal Co.,* 997 S.W.2d 49, 65 (Mo.Ct.App.1999) ("The generally recognized distinction between statements of fact and opinion is that whatever is susceptible of exact knowledge is a matter of fact, while that not susceptible is generally regarded as an expression of opinion."). "[M]ere statements of opinion, expectations and predictions for the future" cannot support a fraud claim. *Stevens v. Markirk Constr., Inc.,* 454 S.W.3d 875, 881 (Mo.2015) (*quoting Lowther v. Hays,* 225 S.W.2d 708, 714 (Mo.1950)).

In addition to failing to state a claim under Missouri law, these allegations do not satisfy Rule 9(b)'s requirement that the circumstances constituting fraud be pled with particularity. The particularity requirement serves important purposes: it deters the use of complaints as a pretext for fishing expeditions of unknown wrongs designed to compel *in terrorem* settlements; it protects against damage to professional reputations resulting from allegations of moral turpitude; it ensures that a party is given sufficient notice of the allegations against him to permit the preparation of an effective defense. *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC,* 781 F.3d 1003, 1010 (8th Cir.2015). To meet the particularity requirement, a complaint subject to Rule 9(b) "must identify who, what, where, when, and how." *Id.* at 1013 (citation omitted). It must "specify [ ] the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.* (alteration in original). Defendant's allegations fail to detail the who, what, when and where requirements of Rule 9.

## Conclusion

Based upon the foregoing analysis, Plaintiff and Third Party Defendant's Motion to Dismiss Count Two of Defendant's First Amended Counterclaim and Third Party Complaint is well taken.

Accordingly,

[6]

**IT IS HEREBY ORDERED** that Plaintiff and Third Party Defendant's Motion to Dismiss Count Two of Defendant's First Amended Counterclaim and Third Party Complaint, [Doc. No. 25], is granted.

**IT IS FURTHERORDERED** that Count Two of the First Amended Counterclaim and Third Party Complaint is dismissed.

Dated this 24th day of August, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE